Robert L. Weigel
Howard S. Hogan
Alison L. Wollin
Anne M. Coyle
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.,*
*Balenciaga S.A., Balenciaga America, Inc.,*
*Bottega Veneta S.A., Bottega Veneta Inc.,*
*Yves Saint Laurent America, Inc.,*
*Luxury Goods International (L.G.I.) S.A.,*
*and Kering S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GUCCI AMERICA, INC.; BALENCIAGA S.A.;
BALENCIAGA AMERICA, INC.; BOTTEGA
VENETA S.A.; BOTTEGA VENETA INC.; YVES
SAINT LAURENT AMERICA, INC.; LUXURY
GOODS INTERNATIONAL (L.G.I.) S.A.; and
KERING S.A.,

                Plaintiffs,

       -against-

ALIBABA GROUP HOLDING LTD.;
ALIBABA.COM HONG KONG LTD.;
ALIBABA.COM LTD.; ALIBABA.COM
INVESTMENT HOLDING LTD.; ALIBABA.COM
INVESTMENT LTD.; ALIBABA (CHINA)
TECHNOLOGY CO., LTD.; ALIBABA.COM, INC.;
TAOBAO HOLDING LTD.; TAOBAO CHINA
HOLDING LTD.; TAOBAO (CHINA) SOFTWARE
CO., LTD.; ALIPAY.COM CO., LTD.;
HANGZHOU YANBEI TRADING CO., LTD.;
YIWU BOTHWINER FASHION ACCESSORY
CO., LTD.; GUANGZHOU YONGXING LEATHER
GOODS MFG.; DONGGUAN HUAWANG
LEATHER CO., LTD.; SHEN ZHEN AIERS
WATCH CO., LTD.; SHENZHEN MEIGEER
WATCH CO., LTD.; SHENZHEN BABYLON
WATCH CO., LTD.; VANCS WHERE BOUTIQUE;

14 Civ. 5119 (PKC)

[PROPOSED] **PRELIMINARY
INJUNCTION**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-14

SPRING RAIN LEATHER GOODS; CELEBRITY :
SHOE; JINLONG LUXURY CITY; GUCCI :
FASHION SHOP; LADYLIDY SHOP; COCO :
FASHION STYLE; HUIMING LEATHER MALL; :
HONG KONG LONGITUDE AND LATITUDE :
INTERNATIONAL TRADING; FASHION ZONE :
LTD.; STAR FACTORY; XIAOHUI JIN'S STORE; :
and JOHN DOES, :
:
              Defendants. :
-------------------------------------------------------------X

       Plaintiffs Gucci America, Inc. ("Gucci"), Balenciaga, S.A. and Balenciaga America, Inc.

("Balenciaga"), Bottega Veneta S.A. and Bottega Veneta Inc. ("Bottega Veneta"), Yves Saint

Laurent America, Inc. and Luxury Goods International (L.G.I.) S.A. ("YSL"), and Kering S.A.

(collectively, **"Plaintiffs"**), having moved ex parte against Defendants Hangzhou Yanbei

Trading Co., Ltd., Yiwu Bothwiner Fashion Accessory Co., Ltd., Guangzhou Yongxing Leather

Goods Mfg., Dongguan Huawang Leather Co., Ltd., Shen Zhen Aiers Watch Co., Ltd., Shenzhen

Meigeer Watch Co., Ltd., Shenzhen Babylon Watch Co., Ltd., VANCS Where Boutique

(VANCS/凡客尚品 官方中国 ), Celebrity Shoe (名人鞋柜 经典名鞋), Jinlong Luxury City (金

隆奢华城), Gucci Fashion Shop (gucci时尚店), Ladylidy Shop, Coco Fashion Style (Coco时尚

), Huiming Leather Mall (汇名皮具城), Hong Kong Longitude and Latitude International

Trading (香港经纬国际贸易), Fashion Zone Ltd., Star Factory, and John Does (collectively,

**"Merchant Defendants"**) for a temporary restraining order, asset restraining order, order

authorizing expedited discovery and alternative service of process, and order to show cause for

preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15

U.S.C. § 1051, et seq.), for the reason that the Merchant Defendants are manufacturing,

importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods

bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names,

and/or logos as set forth in Plaintiffs' Complaint in this action (collectively, "**Plaintiffs' Marks**"), which are owned and controlled by Plaintiffs;

WHEREAS, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, the Court signed an order on July 9, 2014, restraining the Merchant Defendants from, *inter alia*, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or any other products that otherwise bear contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks (the "Temporary Restraining Order"); and further ordered the Merchant Defendants to appear before this Court on July 24, 2014, to show cause why an order granting Plaintiffs a preliminary injunction should not be granted;

WHEREAS, the Merchant Defendants were served with the Temporary Restraining Order, Summons, Complaint and supporting declarations pursuant to the alternative service provisions contained in the Temporary Restraining Order;

WHEREAS, Plaintiffs filed a Certificate of Service demonstrating that Defendants were served with the Temporary Restraining Order, Summons, Complaint and supporting declarations pursuant to the alternative service provisions contained in the Temporary Restraining Order; and

WHEREAS, Defendants failed to submit any papers opposing entry of the preliminary injunction, and failed to appear before the Court on July 24, 2014;

The Court now finds the following:

a.      Plaintiffs have established that they are entitled to injunctive relief by demonstrating that (1) they are likely to succeed on the merits of their claims; (2) they are suffering irreparable injury and, in the absence of an injunction, will continue to suffer

3

irreparable injury, based on the Merchant Defendants' unauthorized use and infringement of Plaintiffs' Marks in connection with the manufacture, importation, exportation, distribution, marketing, advertising, offer for sale and/or sale of various products, including but not limited to footwear, apparel, handbags, wallets, watches, other accessories for men and women, and materials used for manufacturing counterfeit products (the "**Counterfeit Products**"); (3) remedies at law, such as money damages, are inadequate to compensate for Plaintiffs' injuries; (4) the balance of hardships favors Plaintiffs; and (5) granting Plaintiffs' request for injunctive relief would serve the public interest;

b.      Plaintiffs have demonstrated that they are likely to succeed in showing that the Plaintiffs' Marks are valid and enforceable, and entitled to protection, and that the Merchant Defendants' willful and unlawful use of the Plaintiffs' Marks in connection with the sale of Counterfeit Products is likely to cause consumer confusion;

c.      Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants are, or were recently using counterfeits or infringements of the Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of Counterfeit Products;

d.      Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants are, or were recently selling Counterfeit Products through electronic stores on the websites Alibaba.com, AliExpress.com, and Taobao.com ("the Alibaba Stores");

e.      Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants have a bad faith intent to profit by associating themselves with Plaintiffs and the Plaintiffs' Marks without Plaintiffs' authorization;

f.      Plaintiffs have demonstrated that the Merchant Defendants, or other persons acting in concert with the Merchant Defendants, would likely destroy, move, hide, or otherwise

4

make the Counterfeit Products, the Merchant Defendants' means of selling and distributing the

Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products,

records relating to the ultimate disposition of the Merchant Defendants' ill-gotten proceeds, and

business records relating thereto, inaccessible to Plaintiffs or the Court if Plaintiffs were to

proceed on notice to the Merchant Defendants, thus frustrating the ultimate relief that Plaintiffs

seek in this action;

      g.     Plaintiffs have demonstrated that the harm to Plaintiffs from denial of the

requested Preliminary Injunction outweighs the harm to the Merchant Defendants' legitimate

interests against granting such an order;

      h.     Plaintiffs have demonstrated that the entry of an order other than the Preliminary

Injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs'

remedies for trademark counterfeiting, including, *inter alia*, the cessation of all sales of the

Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products,

and Plaintiffs' rights to an equitable accounting of the Merchant Defendants' profits, lost profits,

or damages;

      i.     Plaintiffs have provided adequate security for the payment of such damages as

any person may be entitled to recover as a result of a wrongful restraint hereunder, by posting a

$10,000 bond in accordance with the Temporary Restraining Order;

      j.     Plaintiffs have demonstrated that the Merchant Defendants were properly served

via delivery of a link to a secure website making available for download PDF copies of the

Summons and Complaint, together with all documents filed in support of Plaintiffs' motion for

the Temporary Restraining Order via the Merchant Defendants' Alibaba Stores on Alibaba.com,

Taobao.com, and AliExpress.com and, where available, delivery by PDF copies to the Merchant

Defendants' business email addresses, and the Merchant Defendants had proper notice of the hearing held on July 24, 2014 before this Court; and

    k.     None of the Merchant Defendants have filed a response to Plaintiffs' moving papers or otherwise appeared in this action.

Accordingly, this Court finds that entry of the Preliminary Injunction is necessary and appropriate.

THEREFORE, IT IS HEREBY ORDERED that:

    1.     The Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, are restrained and enjoined from:

    a.    using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks;

    b.    making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

    c.    using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the

6

Merchant Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs;

d.  doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors to believe that the products or services promoted, offered, or sponsored by the Merchant Defendants come from Plaintiffs' or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

e.  moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

f.  removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any information relating to any of the Alibaba Stores, the Merchant Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution or sale of Counterfeit Products or any products that otherwise bear contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

g.  further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

7

    h.    otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

    i.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (i), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

IT APPEARING to the Court that the Merchant Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and that the Merchant Defendants will continue to carry out such acts unless restrained by Order of the Court:

    2.    IT IS FURTHER ORDERED that, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the Merchant Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them receiving actual notice of this Order by personal service or otherwise, are restrained and enjoined from transferring, withdrawing or disposing of any money or other assets into or out of any accounts held by, associated with, or utilized by the Merchant Defendants, regardless of whether such money or assets are held in the U.S. or abroad.

    3.    IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

## CONTINUATION OF EXPEDITED DISCOVERY

4.    IT IS FURTHER ORDERED that Plaintiffs may continue to seek expedited discovery by providing actual notice of this Order to any banks, savings and loan associations, payment processors or other financial institutions, merchant account providers, payment providers, third party processors, or credit card associations, which have provided services, received payment, or held assets for any Defendant, any of Defendant's operations (collectively, "**Third Party Financial Service Providers**");

5.    IT IS FURTHER ORDERED that, within fourteen (14) days of receiving actual notice of this Order by personal service or otherwise, all Third Party Financial Service Providers must provide to Plaintiffs' counsel all documents and records in their possession, custody or control, whether located in the U.S. or abroad, relating to any financial accounts (including but not limited to any savings, checking, money market, or payment processing accounts) held by, associated with, or utilized the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them. This includes all documents and records relating to:

    a.  The Merchant Defendants' Alibaba Stores, including the identities of the individuals or entities that registered and operated the Alibaba Stores;

    b.  the manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling of Counterfeit Products by the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them;

c. the identities of any and all credit card processing agencies, merchant acquiring banks, or other financial institutions responsible for processing credit card, debit card, or other forms of financial transactions for the Alibaba Stores;

d. the identities and addresses of the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, including without limitation, identifying information associated with the Merchant Defendants' Alibaba Stores;

e. payments made to or by the Merchant Defendants in exchange for goods or services provided by or to the Merchant Defendants, including information sufficient to identify the recipient and beneficiary of such payment;

f. identifying information, including full account numbers;

g. account opening documents, including account applications, signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business;

h. all deposits and withdrawals and any supporting documentation, including deposit slips, withdrawal slips, cancelled checks (both sides), and periodic account statements;

i. all wire transfers into the financial accounts, including documents sufficient to identify the source of transferred funds, such as documents reflecting the name of bank or entity from which the funds originated, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred; and

j.   all wire transfers out of the financial accounts, including documents sufficient to
     identify the destination of the transferred funds, such as documents reflecting the
     name of the beneficiary of such transfer, the identity of the beneficiary's bank,
     and the beneficiary's full account number.

6.   IT IS FURTHER ORDERED that Plaintiffs may request discovery by providing
actual notice of this Order along with a subpoena, pursuant to Fed. R. Civ. P. 45, to any other
third party service providers that have provided services for any Merchant Defendant, or any of
the Merchant Defendants' Alibaba Stores.

7.   IT IS FURTHER ORDERED that any third party that has received proper
notice of this Order pursuant to Fed. R. Civ. P. 65(d)(2), and requires clarifications as to its
duties, if any, under this Order, may make an application to this Court, with notice to Plaintiffs'
counsel.


IT IS SO ORDERED

DATED this 25 day of July, 2014

Hour: 4:32 a.m./p.m.

UNITED STATES DISTRICT COURT

By: _____
    UNITED STATES DISTRICT JUDGE

11