Robert L. Weigel
Howard S. Hogan
Alison L. Wollin
Anne M. Coyle
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.,
Balenciaga S.A., Balenciaga America, Inc.,
Bottega Veneta S.A., Bottega Veneta Inc.,
Yves Saint Laurent America, Inc.,
Luxury Goods International (L.G.I.) S.A.,
and Kering S.A.*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GUCCI AMERICA, INC.; BALENCIAGA S.A.;
BALENCIAGA AMERICA, INC.; BOTTEGA
VENETA S.A.; BOTTEGA VENETA INC.; YVES
SAINT LAURENT AMERICA, INC.; LUXURY
GOODS INTERNATIONAL (L.G.I.) S.A.; and
KERING S.A.,

       Plaintiffs,

  -against-

ALIBABA GROUP HOLDING LTD.;
ALIBABA.COM HONG KONG LTD.;
ALIBABA.COM LTD.; ALIBABA.COM
INVESTMENT HOLDING LTD.; ALIBABA.COM
INVESTMENT LTD.; ALIBABA (CHINA)
TECHNOLOGY CO., LTD.; ALIBABA.COM, INC.;
TAOBAO HOLDING LTD.; TAOBAO CHINA
HOLDING LTD.; TAOBAO (CHINA) SOFTWARE
CO., LTD.; ALIPAY.COM CO., LTD.;
HANGZHOU YANBEI TRADING CO., LTD.;
YIWU BOTHWINER FASHION ACCESSORY
CO., LTD.; GUANGZHOU YONGXING LEATHER
GOODS MFG.; DONGGUAN HUAWANG
LEATHER CO., LTD.; SHEN ZHEN AIERS
WATCH CO., LTD.; SHENZHEN MEIGEER
WATCH CO., LTD.; SHENZHEN BABYLON
WATCH CO., LTD.; VANCS WHERE BOUTIQUE;

2014 Civ. 5119 (CASTEL)

```
SPRING RAIN LEATHER GOODS; CELEBRITY    :
SHOE; JINLONG LUXURY CITY; GUCCI        :
FASHION SHOP; LADYLIDY SHOP; COCO       :
FASHION STYLE; HUIMING LEATHER MALL;    :
HONG KONG LONGITUDE AND LATITUDE        :
INTERNATIONAL TRADING; FASHION ZONE     :
LTD.; STAR FACTORY; XIAOHUI JIN'S STORE;:
and JOHN DOES,                          :
                                        :
                    Defendants.         :
                                        :
                                        :
                                        :
                                        :
                                        :
                                        :
                                        :
                                        :
------------------------------------X
```

*PKC* [signature]

## [PROPOSED] TEMPORARY RESTRAINING ORDER, ASSET RESTRAINING ORDER, ORDER AUTHORIZING EXPEDITED DISCOVERY AND ALTERNATIVE SERVICE BY ELECTRONIC MEANS, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Plaintiffs Gucci America, Inc. ("Gucci"), Balenciaga, S.A. and Balenciaga America, Inc. ("Balenciaga"), Bottega Veneta S.A. and Bottega Veneta Inc. ("Bottega Veneta"), Yves Saint Laurent America, Inc. and Luxury Goods International (L.G.I.) S.A. ("YSL"), and Kering S.A. (collectively, "**Plaintiffs**"), having moved ex parte against Defendants Hangzhou Yanbei Trading Co., Ltd., Yiwu Bothwiner Fashion Accessory Co., Ltd., Guangzhou Yongxing Leather Goods Mfg., Dongguan Huawang Leather Co., Ltd., Shen Zhen Aiers Watch Co., Ltd., Shenzhen Meigeer Watch Co., Ltd., Shenzhen Babylon Watch Co., Ltd., VANCS Where Boutique (VANCS/凡客尚品 官方中国 ), Spring Rain Leather Goods (春雨皮具行 TB 品牌箱包), Celebrity Shoe (名人鞋柜 经典名鞋), Jinlong Luxury City (金隆奢华城), Gucci Fashion Shop (gucci时尚店), Ladylidy Shop, Coco Fashion Style (Coco时尚), Huiming Leather Mall (汇名皮具城), Hong Kong Longitude and Latitude International Trading (香港经纬国际贸易), Fashion Zone Ltd., Star Factory, Xiaohui Jin's Store, and John Does (collectively, "**Merchant**

**Defendants"**) for a temporary restraining order, asset restraining order, order authorizing expedited discovery and alternative service of process by electronic mail, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that the Merchant Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively, "**Plaintiffs' Marks**"), which are owned and controlled by Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds:

　　a.　Plaintiffs have established that they are entitled to injunctive relief by demonstrating that (1) they are likely to succeed on the merits of their claims; (2) they are suffering irreparable injury and, in the absence of an injunction, will continue to suffer irreparable injury, based on the Merchant Defendants' unauthorized use and infringement of Plaintiffs' Marks in connection with the manufacture, importation, exportation, distribution, marketing, advertising, offer for sale and/or sale of various products, including but not limited to footwear, apparel, handbags, watches and other accessories for men and women (the "**Counterfeit Products**"); (3) remedies at law, such as money damages, are inadequate to compensate for Plaintiffs' injuries; (4) the balance of hardships favors Plaintiffs; and (5) granting Plaintiffs' request for injunctive relief would serve the public interest;

　　b.　Plaintiffs have demonstrated that they are likely to succeed in showing that the Plaintiffs' Marks are valid and enforceable, and entitled to protection, and that the Merchant Defendants' willful and unlawful use of the Plaintiffs' Marks in connection with the sale of Counterfeit Products is likely to cause consumer confusion;

3

c. Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants have used and are continuing to use counterfeits or infringements of the Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of Counterfeit Products;

d. Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants are, or were recently selling Counterfeit Products through electronic stores on the websites Alibaba.com, AliExpress.com, and Taobao.com ("the Alibaba Stores");

e. Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants have a bad faith intent to profit by associating themselves with Plaintiffs and the Plaintiffs' Marks without Plaintiffs' authorization;

f. Plaintiffs have demonstrated that the Merchant Defendants, or other persons acting in concert with the Merchant Defendants, would likely destroy, move, hide, or otherwise make the Counterfeit Products, the Merchant Defendants' means of selling and distributing the Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products, records relating to the ultimate disposition of the Merchant Defendants' ill-gotten proceeds, and business records relating thereto, inaccessible to Plaintiffs or the Court if Plaintiffs were to proceed on notice to the Merchant Defendants, thus frustrating the ultimate relief that Plaintiffs seek in this action;

g. Plaintiffs have demonstrated that the harm to Plaintiffs from denial of the requested *ex parte* order outweighs the harm to the Merchant Defendants' legitimate interests against granting such an order;

h. Plaintiffs have demonstrated that the entry of an order other than the *ex parte* order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, the cessation of all sales of the

Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and Plaintiffs' rights to an equitable accounting of the Merchant Defendants' profits, lost profits, or damages;

      i.    Plaintiffs have demonstrated that service on the Merchant Defendants via delivery of a link to a secure website that will make available for download PDF copies of the Summons and Complaint, together with all documents filed in support of Plaintiffs' motion for this Order via the Merchant Defendants' Alibaba Stores on Alibaba.com, Taobao.com, and AliExpress.com and, where available, delivery by PDF copies to the Merchant Defendants' business email addresses, is reasonably calculated to result in notice to the Merchant Defendants.

THEREFORE, the Court finds it appropriate to grant Plaintiffs the following relief as detailed further below:

    (I) Order to Show Cause – Preliminary Injunction;

    (II) Temporary Restraining Order;

    (III) Asset Restraining Order;

    (IV) Order Authorizing Alternative Service by Electronic Means; and

    (V) Order Authorizing Expedited Discovery from Defendants and Third Parties.

I.  **ORDER TO SHOW CAUSE – PRELIMINARY INJUNCTION**

1. IT IS HEREBY ORDERED that the Merchant Defendants appear to show cause on the 24th day of July 2014 at 2 a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom 12C of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Foley Square, New York, New York why an order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary injunction as follows:

2. Restraining and enjoining the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

   a. using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks;

   b. making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

   c. using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the

6

Merchant Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs;

d. doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors to believe that the products or services promoted, offered, or sponsored by the Merchant Defendants come from Plaintiffs' or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

e. moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

f. removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any information relating to any of the Alibaba Stores, the Merchant Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution or sale of Counterfeit Products or any products that otherwise bear contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

g. further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

  h. otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

  i. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (i), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

 3. Restraining and enjoining the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from transferring, disposing of, or secreting any of the Merchant Defendants' assets, as set forth further herein; and

 4. IT IS FURTHER ORDERED, that the Merchant Defendants' answering papers to Plaintiffs' Order to Show Cause, if any, shall be filed with the Clerk of this Court and served upon Plaintiffs' counsel by delivering copies thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, NY 10166-0193, Attention: Robert L. Weigel, Esq., by no later than _July 17_, 2014, with any reply by Plaintiffs to be filed and served by _July 23_, 2014.

 5. IT IS FURTHER ORDERED, that the Merchant Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the relief provided herein, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the temporary restraining order, and may otherwise extend for the pendency of this litigation upon the same terms and conditions as comprise this temporary restraining order. The Merchant Defendants are hereby given further notice that they may be deemed to have actual notice of the issuance and terms of such

preliminary injunction and any act by them or anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

## II. TEMPORARY RESTRAINING ORDER

IT APPEARING to the Court that the Merchant Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, including via the websites Alibaba.com, AliExpress.com, and Taobao.com, and that the Merchant Defendants will continue to carry out such acts unless restrained by Order of the Court:

6. IT IS FURTHER ORDERED that pending the hearing on Plaintiffs' application for a preliminary injunction, the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or having knowledge of this Order by personal service or otherwise, are hereby temporarily restrained from committing any of the acts set forth in Paragraphs 2 - 3 above, and as set forth further herein.

7. IT IS FURTHER ORDERED that the Temporary Restraining Order shall remain in effect until the date for the hearing on the Order to Show Cause, as set forth above, or such further dates as set by the Court.

8. IT IS FURTHER ORDERED that Plaintiffs shall post a corporate surety bond, cash, certified check, or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

## III. ASSET RESTRAINING ORDER

9. IT IS FURTHER ORDERED that, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue

provisional remedies ancillary to its authority to provide final equitable relief, the Merchant Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them receiving actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, withdrawing or disposing of any money or other assets into or out of any accounts held by, associated with, or utilized by the Merchant Defendants, regardless of whether such money or assets are held in the U.S. or abroad.

10.   IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

## IV.   ORDER AUTHORIZING ALTERNATIVE SERVICE BY ELECTRONIC MEANS

11.   IT IS FURTHER ORDERED that, sufficient cause having been shown, Plaintiffs' motion for alternative service by electronic means is granted, and service shall be made on the Merchant Defendants and deemed effective as to all Merchant Defendants if it is completed by the following means: (a) delivery of a message to the Merchant Defendants through the same means that Plaintiffs' agents have previously communicated with the Merchant Defendants, namely the system for communications established by the Alibaba Stores to allow consumers to communicate with merchants who offer goods through the Alibaba Stores, and that such message will notify each Merchant Defendant that a suit has been filed against it in the United States District Court for the Southern District of New York, along with a link to a secure website where each Merchant Defendant will be able to download Adobe PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' motion seeking this Order; and (b) delivery of Adobe PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' motion seeking this Order to each of the

email addresses set forth in <u>Attachment 1</u>. Such service shall be made within ___ from the date of this Order, except as to John Doe Defendants who may be later identified.

12. IT IS FURTHER ORDERED that, good cause having been shown that Alibaba Group Holding Ltd. ("Alibaba Group") and its subsidiaries and affiliates named as Defendants in the Complaint constitute "a single operating and reporting segment, namely the provision of online and mobile commerce and related services" and Alibaba Group "does not allocate operating costs or assets to its business units" according to Alibaba Group's Form F-1 Registration Statement (Note 2(f) to Audited Financials at F-18), service of this Order upon Alibaba Group, Alibaba.com, Inc., and Alipay.com Co., Ltd. shall be deemed effective as to Defendants Alibaba Group, Alibaba.com Hong Kong Ltd., Alibaba.com Ltd., Alibaba.com Investment Holding Ltd., Alibaba.com Investment Ltd., Alibaba (China) Technology Co., Ltd., Alibaba.com, Inc., Taobao Holding Ltd., Taobao China Holding Ltd., Taobao (China) Software Co., Ltd., and Alipay.com Co., Ltd. ("Alibaba Defendants") if completed by the following means:

(1) via hand delivery to the registered agent in New York of Alibaba Group;

(2) via hand delivery to Alibaba.com Inc. and Alipay.com Co. Ltd. at 3945 Freedom Circle #600, Santa Clara, California 95054 (referred to by Alibaba.com as its "U.S. Headquarters," *see* http://success.alibaba.com/about-us.html); and

(3) delivery of a copy to Simpson Thacher & Bartlett LLP, counsel to Alibaba Group, designated in Alibaba Group's Form F-1 as Alibaba Group's counsel in connection with its Initial Public Offering.

## V.   ORDER AUTHORIZING EXPEDITED DISCOVERY

13. IT IS FURTHER ORDERED that Plaintiffs' motion to obtain expedited discovery from the Merchant Defendants, their officers, directors, agents, employees, representatives,

11

successors or assigns, and all persons acting in concert or in participation with any of them, is granted, and that Plaintiffs may serve requests for disclosures pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34, and that the Merchant Defendants shall produce all documents responsive to such requests within ten (10) days of service; and

14. IT IS FURTHER ORDERED that, as set forth below, Plaintiffs' motion to obtain expedited discovery from third parties is granted.

A. **_Provisions Applicable to Third Party Financial Service Providers_**

15. IT IS FURTHER ORDERED that Plaintiffs may ~~immediate~~ly request discovery by providing actual notice of this Order to any banks, savings and loan associations, payment processors or other financial institutions, merchant account providers, payment providers, third party processors, or credit card associations, which have provided services, received payment, or held assets for any Merchant Defendant or any of the Merchant Defendant's operations, ("**Third Party Financial Service Providers**"); and

16. IT IS FURTHER ORDERED that, within ~~ten (10)~~ fourteen (14) days of receiving actual notice of this Order by personal service or otherwise, all Third Party Financial Service Providers must provide to Plaintiffs' counsel all documents and records in their possession, custody or control, whether located in the U.S. or abroad, relating to any financial accounts (including but not limited to any savings, checking, money market, or payment processing accounts) held by, associated with, or utilized the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them. This includes all documents and records relating to:

   a. The Merchant Defendants' Alibaba Stores, including the identities of the individuals or entities that registered and operated the Infringing Websites;

b. the manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling of Counterfeit Products by the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them;

c. the identities of any and all credit card processing agencies, merchant acquiring banks, or other financial institutions responsible for processing credit card, debit card, or other forms of financial transactions for the Alibaba Stores;

d. the identities and addresses of the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, including without limitation, identifying information associated with the Merchant Defendants' Alibaba Stores;

e. payments made to or by the Merchant Defendants in exchange for goods or services provided by or to the Merchant Defendants, including information sufficient to identify the recipient and beneficiary of such payment;

f. identifying information, including full account numbers;

g. account opening documents, including account applications, signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business;

h. all deposits and withdrawals and any supporting documentation, including deposit slips, withdrawal slips, cancelled checks (both sides), and periodic account statements;

    i. all wire transfers into the financial accounts, including documents sufficient to identify the source of transferred funds, such as documents reflecting the name of bank or entity from which the funds originated, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred; and

    j. all wire transfers out of the financial accounts, including documents sufficient to identify the destination of the transferred funds, such as documents reflecting the name of the beneficiary of such transfer, the identity of the beneficiary's bank, and the beneficiary's full account number.

**C.**    *__Provisions Applicable to Third Party Service Providers__*

17. IT IS FURTHER ORDERED that Plaintiffs may ~~immediately~~ request discovery by providing actual notice of this Order along with a subpoena, pursuant to Fed. R. Civ. P. 45, to any other third party service providers that have provided services for any Merchant Defendant, or any of the Merchant Defendants' Alibaba Stores ( "**Third Party Service Providers**").

18. IT IS FURTHER ORDERED that, pursuant to this Court's authority under Rules 1, 26, and 34 of the Federal Rules of Civil Procedure and this Court's own inherent authority, plaintiffs may also serve subpoenas for the production of documents, electronically stored information, or tangible things similar to those allowed in the preceding paragraphs of this Order on an expedited basis pursuant to this Order, and that within ten (10) days of receiving actual notice of this Order and being served with a subpoena pursuant to this Order, all Other Third Party Service Providers who receive such subpoena must provide to Plaintiffs' counsel all responsive documents and records in their possession, custody or control, whether located in the U.S. or abroad.

19. IT IS FURTHER ORDERED that any third party that has received proper notice of this Order pursuant to Fed. R. Civ. P. 65(d)(2), and requires clarifications as to its duties, if any, under this Order, may make an application to this Court, with notice to Plaintiffs' counsel.

IT IS SO ORDERED.

DATED this 9th day of July, 2014

Hour: 3:04 a.m./p.m.

UNITED STATES DISTRICT COURT

By: _____
UNITED STATES DISTRICT JUDGE

# ATTACHMENT 1

## (ALIBABA STORES)

| Merchant Defendant | Website | Email Address |
|---|---|---|
| Hangzhou Yanbei Trading Co., Ltd. | http://chyanbei.en.alibaba.com | |
| Yiwu Bothwiner Fashion Accessory Co., Ltd. | http://shuangmei.en.alibaba.com | |
| Guangzhou Yongxing Leather Goods Mfg. | http://yxpj.en.alibaba.com | |
| Dongguan Huawang Leather Co., Ltd. | http://hw-leather.en.alibaba.com | |
| Shen Zhen Aiers Watch Co., Ltd. | http://aiers.en.alibaba.com | |
| Shenzhen Meigeer Watch Co., Ltd. | http://meigeer.en.alibaba.com | sales55@meigeerwatch.com |
| Shenzhen Babylon Watch Co., Ltd. | http://szbabylon.en.alibaba.com | |
| VANCS Where Boutique VANCS/凡客尚品 官方中国 | 35hl.taobao.com/?spm=2013.1.0.0.pSulEF&v=1 | |
| Spring Rain Leather Goods 春雨皮具行 TB 品牌箱包 | http://13478026791.taobao.com/ | |
| Celebrity Shoe | http://minren.taobao.com/?spm=2013.1.0 | |

| 名人鞋柜 经典名鞋 | .0.HwNXqF&v=1 | |
| --- | --- | --- |
| Jinlong Luxury City<br>金隆奢华城 | http://888845.taobao.com/?spm=2013.1.0.0.Sye1cs | |
| Gucci Fashion Shop<br>gucci时尚店 | http://shop100180349.taobao.com/?spm=2013.1.0.0.agsq7K&v=1 | |
| Ladylidy Shop | http://ladylilyshoess.taobao.com/?spm=2013.1.0.0.ZgqXlo&v=1 | |
| Coco Fashion Style<br>Coco时尚派 | http://shop100722575.taobao.com/?spm=2013.1.0.0.A2e3yN&v=1 | |
| Huiming Leather Mall<br>汇名皮具城 | http://t8288.taobao.com/?spm=2013.1.0.0.bIt5Ov | |
| Hong Kong Longitude and Latitude International Trading<br>香港经纬国际贸易 | http://shop105265317.taobao.com/?spm=2013.1.0.0.nVYTKn&v=1 | |
| Fashion Zone Ltd. | http://www.aliexpress.com/store/1083367 | |
| Star Factory | http://www.aliexpress.com/supplier-fm/wholesale-products/231075537-productlist.html | 2111576880@qq.com |
| Xiaohui Jin's Store | Presently unknown | |

17