```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

GUCCI AMERICA, INC., et al.,

            Plaintiffs,

        v.                           14 Civ. 5110 (PKC)

ALIBABA GROUP HOLDING LTD.,
et al.,
                                     TRO Application
            Defendants.

------------------------------x
                                     New York, N.Y.
                                     July 24, 2014
                                     2:30 p.m.

Before:

        HON. P. KEVIN CASTEL

                                     District Judge


        APPEARANCES



GIBSON DUNN & CRUTCHER LLP
     Attorneys for Plaintiffs
BY:  ROBERT L. WEIGEL
     ANNE M. COYLE


WEIL GOTSHAL & MANGES LLP
     Attorneys for Defendants
BY:  R. BRUCE RICH
     JONATHAN BLOOM
     JARED R. FRIEDMAN
```

1              (Case called)
2              THE CLERK:  Plaintiffs ready?
3              MR. WEIGEL:  Yes, your Honor.  Robert Weigel from
4    Gibson Dunn & Crutcher for the plaintiffs:  Gucci America,
5    Balanciaga, Balanciaga America, Bodega Veneta, Botega Veneta,
6    Inc., Yves Saint Laurent America, Luxury Goods International,
7    and Kering S.A.
8              THE COURT:  Good afternoon.  And with you is?
9              MR. WEIGEL:  Ms. Anne Coyle.
10             THE COURT:  Good afternoon to you both.
11             On behalf of certain defendants?
12             MR. RICH:  Good afternoon, your Honor.  Bruce Rich
13   from Weil Gotshal.  We are representing the defendants who are
14   not involved in the immediate motion.  The remaining Alibaba
15   defendants and Alipay we are representing, and there will be a
16   development with respect to that that Mr. Weigel and I would
17   like to address to the Court at the right moment.
18             THE COURT:  Mr. Weigel, is this the right moment?
19             MR. WEIGEL:  It is.  I am pleased, I guess, to say
20   that we have had some constructive dialogue with the folks from
21   Alibaba.  We have not heard anything from the counterfeiters
22   themselves.  We would like to file a notice of voluntary
23   dismissal as to t Alibaba defendants to give us time to see if
24   we can negotiate a resolution.  It will be without prejudice.
25   If we cannot, we would like to be able to refile and perhaps

1      refer it to your Honor as a related case.
2              THE COURT:  Is that the understanding, Mr. Rich?
3              MR. RICH:  It is.  We have been working pretty much
4      around the clock the last 48 hours to get a set of principles
5      acceptable to both sides.  Needless to say, our client feels
6      there is an important other side to the story.  All that will
7      be known, when we get to that in a moment, is the pleading.
8      But we are very pleased to be able to put it back in a posture
9      where the parties can talk seriously at the business level and
10     hopefully avert any reinstitution of the litigation.
11             THE COURT:  That all sounds wonderful to me.  I will
12     be pleased to sign off on anything that you need my signature
13     on.  Although, if it is a voluntary dismissal, you may not even
14     need my signature on it.
15             MR. WEIGEL:  I don't think we do, but I have a
16     courtesy copy for you.
17             THE COURT:  That's wonderful.
18             MR. WEIGEL:  May I approach?
19             THE COURT:  You may.  If you would like, I will so
20     order it and have it caused to be docketed as such.
21             MR. WEIGEL:  Thank you, your Honor.
22             The other thing is that we originally filed the action
23     under seal in order to give us time to serve the counterfeiters
24     and to freeze their assets in collection with Mr. Rich's
25     clients.  We would ask that that sealing order be lifted at

1  this point in time.
2           THE COURT:  That's fine.  Do you happen to have an
3  order of some sort that I could sign for you?
4           MR. WEIGEL:  Actually, we don't, but I will get one to
5  you this afternoon.
6           THE COURT:  That's fine.  It doesn't have to be very
7  elaborate.  If you could do that, fax it to my chambers, and I
8  would be delighted to enter that.
9           MR. WEIGEL:  Thank you, your Honor.
10          THE COURT:  Let's turn to the matter at hand, the
11 motion for preliminary injunction directed to the merchant
12 defendants.  Would you be so kind to tell me, with regard to
13 service of process, where you are.
14          MR. WEIGEL:  There are 19 of the merchant defendants.
15 We have served all but two of them, pursuant to the terms of
16 your Honor's order, either by email or by posting on their
17 store a link to a secure site that had a link, that had all the
18 pleadings there.  We understand that all of the sites are now
19 down.
20          We got email back from five of the stores saying
21 things from apologizing, asking to not take further action,
22 asking for mercy, asking what this is all about.  We have been
23 telling all of them that they have been sued in New York and
24 they should get an attorney.  None of them filed any
25 opposition.

1           THE COURT:  Who are the two who have not been served?

2           MR. WEIGEL:  Spring Rain Leather goods, and I
3    apologize for the pronunciation here, Xiaohui Jin's Store.

4           THE COURT:  Thank you.

5           MR. WEIGEL:  And I have a certificate of service which
6    I will file with the clerk, unless your Honor would like it.

7           THE COURT:  I would appreciate your doing that.  That
8    is fine.  I have been through your papers.  Is there anything
9    else you want to say in support of your motion?

10          MR. WEIGEL:  I think we set it out that we meet all
11   the standards, your Honor.  We have jurisdiction over these
12   counterfeiters.  We have a likelihood of success on the merits.
13   Irreparable harm in the circumstances is pretty much presumed
14   due to the difficulties in measuring the actual damages.  There
15   is no hardship enjoining them from selling fake stuff.  We, of
16   course, would be harmed and the public interest in our favor
17   because the U.S. has a very strong interest in enforcing its
18   trademark laws.

19          All of these defendants are either in English
20   marketing to North America or, in the case of the defendants
21   that were in Chinese, they all sold to our investigator.  Some
22   delivered, some didn't, but they all took our money and agreed
23   to deliver to New York.

24          THE COURT:  This is the Court's statement of reasons
25   for the grant of a preliminary injunction.  The plaintiffs

1   claim that the merchant defendants are manufacturing,
2   importing, exporting, distributing, marketing, advertising,
3   offering for sale, and/or selling goods bearing counterfeit
4   reproductions of plaintiffs' federally registered trademarks,
5   trade names, and/or logos which are owned and controlled by
6   plaintiffs.
7             The items at issue are Gucci bags, cosmetic bags,
8   watches, wallets, shoes, leather for Gucci bags, belts, and
9   shoes, Bodega Veneta wallets, Balanciaga sandals, and Yves
10  Saint Laurent T-shirts.
11            The claims asserted, at least on the preliminary
12  injunction motion, are trademark infringement, trademark
13  counterfeiting, trademark dilution, trademark infringement
14  under New York law, unfair competition under New York law,
15  trademark dilution under New York law, deceptive acts and
16  practices under New York law.
17            To prevail on trademark counterfeit claims, plaintiff
18  must prove that the names are entitled to protection and that
19  there is a likelihood of confusion between the merchant
20  defendants counterfeited products and plaintiffs' products.
21  Plaintiffs' marks are valid and are entitled to protection.
22  The federal trademark registration is prima facie evidence of
23  the validity of the marks.
24            Here further I find that plaintiff has shown that the
25  senior mark is famous, the senior mark is distinctive.  The

1  junior counterfeiting commercial use in commerce began after

2  the senior mark became famous, and there will be dilution

3  because of the distinctive quality of the senior mark.

4          With regard to irreparable harm, I don't rely on a

5  presumption.  I find that there is evidence in this record of

6  the likelihood of loss of good will and loss of control over

7  the brand's reputation.

8          A preliminary injunction is an extraordinary and

9  drastic remedy, one that should not be granted unless the

10 movant by a clear showing carries the burden of persuasion.  A

11 plaintiff seeking a preliminary injunction must show

12 irreparable harm and either a likelihood of success on the

13 merits or serious questions going to the merits to be a fair

14 ground for litigation, a balance of the hardships tipping

15 decidedly towards the party requesting the preliminary relief,

16 and also that public policy considerations may not be offended.

17         Here I find that the standards for a preliminary

18 injunction are fully satisfied, and I grant the motion as to

19 all defendants except the Alibaba defendants, who have now been

20 dismissed without prejudice from the action, and also excepting

21 the two defendants who have not yet been served, Spring Rain

22 Leather Goods and Xiaohui Jin's Store.  Further, I find that a

23 preliminary injunction bond in the amount of $10,000 is most

24 adequate, reasonable, and appropriate under the situation.

25         I will invite plaintiffs' counsel to submit a proposed

1   order reflecting the grant of a preliminary injunction so it is
2   in a separate document as such. The preliminary injunction is
3   granted in the manner in which I have indicated and in the
4   manner sought in the order to show cause.
5             Anything further from the plaintiff?
6             MR. WEIGEL: No. Thank you, your Honor. We will
7   submit the order.
8             THE COURT: Anything further from the defendants?
9             MR. RICH: Just a clarification, your Honor.
10            THE COURT: Yes?
11            MR. RICH: I think it is inadvertent, but when you
12  indicated, correctly, that we were carved out from any relief,
13  I would like the record to reflect relief of the temporary
14  nature and the preliminary injunction was never sought in fact
15  from the Alibaba defendants.
16            THE COURT: Never sought. I think as a matter of
17  procedure, the fact that the notice of voluntary dismissal was
18  handed up to the Court, so ordered, and in turn returned by the
19  Court to the deputy clerk made it effective.
20            By the way, you need not do the unsealing order. My
21  deputy clerk just prepared one for you and I have just signed
22  it.
23            MR. WEIGEL: Thank you.
24            THE COURT: Thank you all.
25            (Adjourned)