**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert Weigel
Direct: +1 212.351.3845
Fax: +1 212.351.5236
RWeigel@gibsondunn.com

July 2, 2015

<u>VIA ECF</u>

Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007

Re:   Re: Gucci America, Inc. v. Alibaba Group Holding, Ltd., No. 2014 Civ. 5119 (PKC) (the "Initial Action")

Dear Judge Castel:

This firm represents plaintiffs Gucci America, Inc., Balenciaga, S.A., Balenciaga America, Inc., Bottega Veneta S.A., Bottega Veneta Inc., Yves Saint Laurent America, Inc., Luxury Goods International (L.G.I.) S.A., and Kering S.A. ("Plaintiffs") in the above-referenced action. I write in response to Your Honor's order issued July 2, 2015.

I would like to assure the Court that each of the Merchant Defendants whose default was noted by the Clerk was properly served with the summons and complaint pursuant to the Temporary Restraining Order, Asset Restraining Order, Order Authorizing Expedited Discovery and Alternative Service by Electronic Means, Order to Show Cause for Preliminary Injunction ("TRO") entered by the Court, as set forth in the Certificate of Service filed with the Court on July 24, 2014 (ECF 19). The Certificate of Service was signed by an attorney and is truthful and accurate.

Having been properly served and failed to appear, the Merchant Defendants are not entitled to further notice. *See Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63 (1st Cir. 2002) ("Federal Rule of Civil Procedure 55(b)(2) states that notice is required before application to the court for entry of a judgment by default when a party has appeared in an action. It follows that if *judgment* can be entered against a defendant without notice where the party has failed to appear, then due process cannot require a higher standard for notice of the trial date in the same situation."). Although the service channel authorized by the Court for use in serving

**GIBSON DUNN**

Honorable P. Kevin Castel
July 2, 2015
Page 2

the Merchant Defendants was closed *after* the Merchant Defendants were properly served, Plaintiffs will nonetheless endeavor to establish alternative means of service of their forthcoming motion upon the Merchant Defendants.

Plaintiffs will submit their Motion for Default on July 17, 2015 pursuant to this Court's order.

Sincerely,

Robert Weigel

cc:     Bruce Rich, Esq. (counsel for the Alibaba Defendants)