UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GUCCI AMERICA, INC.; BALENCIAGA S.A.;
BALENCIAGA AMERICA, INC.; BOTTEGA
VENETA S.A.; BOTTEGA VENETA INC.; YVES
SAINT LAURENT AMERICA, INC.; LUXURY
GOODS INTERNATIONAL (L.G.I.) S.A.; and
KERING S.A.,

      Plaintiffs,

  -against-

ALIBABA GROUP HOLDING LTD. ET AL.,

      Defendants.

----------------------------------------------------------------X

2014 Civ. 5119 (PKC)

**[Proposed] DEFAULT JUDGMENT**

WHEREAS, this action having been commenced by Plaintiffs Gucci America, Inc. ("Gucci"), Balenciaga S.A. and Balenciaga America, Inc. (collectively, "Balenciaga"), Bottega Veneta S.A. and Bottega Veneta Inc. (collectively, "Bottega Veneta"), Yves Saint Laurent America, Inc. and Luxury Goods International (L.G.I.) S.A. (collectively, "YSL"), and Kering S.A. (collectively, "Plaintiffs") on July 10, 2014 by the filing of the Summons and Complaint (ECF 9) against Defendants Hangzhou Yanbei Trading Co., Ltd., Yiwu Bothwiner Fashion Accessory Co., Ltd., Guangzhou Yongxing Leather Goods Mfg., Dongguan Huawang Leather Co., Ltd., Shen Zhen Aiers Watch Co., Ltd., Shenzhen Meigeer Watch Co., Ltd., Shenzhen Babylon Watch Co., Ltd., VANCS Where Boutique, Celebrity Shoe, Jinlong Luxury City, Gucci Fashion Shop, Ladylidy Shop, Coco Fashion Style, Huiming Leather Mall, Hong Kong Longitude and Latitude International Trading, Fashion Zone Ltd., and Star Factory (the "Merchant Defendants") under the Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c)-(d) ("RICO"),

and New York law, for *ex parte* injunctive relief, permanent equitable relief including an accounting, and equitable monetary damages for the Merchant Defendants' unauthorized use of Plaintiffs' federally registered trademarks ("Plaintiffs' Marks"), and unlawful counterfeiting by manufacturing, marketing, and selling counterfeit versions of Plaintiffs' products (the "Counterfeit Products");

WHEREAS, on July 9, 2014, this Court signed a temporary restraining order (the "TRO") (ECF 14), restraining the Merchant Defendants from, *inter alia*, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or any other products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and enjoining any money or other assets of the Merchant Defendants from being transferred, withdrawn, or disposed of into or out of any accounts held by, associated with, or utilized by the Merchant Defendants to provide final equitable relief to Plaintiffs; and ordered the Merchant Defendants to appear before the Court on July 24, 2014 to show cause as to why an order granting a preliminary injunction should not be granted;

WHEREAS, the Merchant Defendants were duly served with copies of the summons and complaint with exhibits, the signed TRO and all papers filed in support thereof, pursuant to the order authorizing alternative service in the TRO, on July 9, 2014, as set forth in the Certificate of Service, filed on July 24, 2014 (ECF 19) and in the Clerk's Certificate of Default, entered on June 30, 2015 (ECF 30);

WHEREAS, the Court converted the TRO to a preliminary injunction on July 24, 2014 (the "PI") (ECF 8);

WHEREAS, the Merchant Defendants were served with the PI as set forth in the Declaration of Anne Coyle dated July 17, 2015;

WHEREAS, the Merchant Defendants have not answered or otherwise responded to the complaint and the deadline for answering has expired;

WHEREAS, the Merchant Defendants failed to otherwise respond or oppose the relief requested therein;

WHEREAS the Merchant Defendants failed to comply with the TRO's discovery requests and failed to show cause by failing to appear before the Court on July 24, 2014 (ECF 20);

WHEREAS, the Plaintiffs duly moved for a default judgment on July 17, 2015.

WHEREAS, Plaintiffs' complaint and papers submitted in support of Plaintiffs' application for a TRO made clear that Plaintiffs would seek the relief provided herein, including:

(a) permanent injunctive relief;

(b) an accounting; and

(c) monetary damages, including statutory damages pursuant to the Lanham Act and treble damages pursuant to RICO;

WHEREAS, the terms of the asset restraint provisions of the TRO as continued in the PI were made applicable to any banks, savings and loan associations, payment processors or other financial institutions, merchant account providers, payment providers, third party processors, or credit card associations, which have provided services, received payment, or held assets for any

Merchant Defendant, any of the Merchant Defendant's operations (collectively, "Third Party Financial Service Providers");

WHEREAS, the Merchant Defendants' default was noted by the Clerk's Certificate, entered on June 30, 2015 (ECF 30);

WHEREAS, the Merchant Defendants were served with the motion for a default judgment as set forth in the certificate of service that was filed in connection with the motion;

WHEREAS, the Merchant Defendants have not opposed or otherwise objected to Plaintiffs' motion for a default judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1.  The Merchant Defendants are hereby found to be liable for trademark infringement under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); trademark counterfeiting under Section 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c); false representation under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark infringement under New York law; unfair competition under New York law; and deceptive acts and practices under New York law, N.Y. Gen. Bus. Law §§ 349-50.

2.  The Merchant Defendants have participated in the operation and management of a criminal enterprise, in violation of RICO, 18 U.S.C. § 1962(c), by manufacturing and distributing Counterfeit Products and offering them for sale on the following websites: Alibaba.com, AliExpress.com, and Taobao.com.

3.  The Merchant Defendants have conspired to violate RICO under 18 U.S.C. § 1962(d).

4. The Merchant Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them are permanently enjoined from:

   a. using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks;

   b. making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

   c. using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the Merchant Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs;

   d. doing any other acts or things calculated or likely to cause consumer confusion or mistake in the mind of the public; lead purchasers or consumers or investors into the belief that the products or services promoted, offered, or sponsored by the Merchant Defendants come from Plaintiffs, or are licensed, sponsored, endorsed, authorized, or are in anyway otherwise affiliated with Plaintiffs;

e.  moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

f.  removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any information relating to the Merchant Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution or sale of Counterfeit Products or any products that otherwise bear contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

g.  further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

h.  otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

i.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities to which the above subparagraphs (a) through (i), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

5.      Plaintiffs' request for an accounting of profits is granted.  In light of the Merchant Defendants' complete failure to produce any documents in this action, making a precise calculation impossible on Plaintiffs' claim for an accounting, the Court elects to awards relief as follows, and Plaintiffs shall pay these amounts forthwith to Plaintiffs:

| Alibaba.com Defendant | Treble Profits |
|---|---|
| Hangzhou Yanbei Trading Co., Ltd. | $1,575,000 |
| Yiwu Bothwiner Fashion Accessory Co., Ltd. | $6,011,280 |
| Guangzhou Yongxing Leather Goods Mfg. | $5,896,800 |
| Dongguan Huawang Leather Co., Ltd. | $2,079,000 |
| Shen Zhen Aiers Watch Co., Ltd. | $32,400,000 |
| Shenzhen Meigeer Watch Co., Ltd. | $194,400,000 |
| Shenzhen Babylon Watch Co., Ltd. | $3,870,000 |

| Taobao.com Merchant Defendant | $2 Million Per Mark Per Type of Good |
|---|---|
| VANCS Where Boutique<br><br>VANCS /凡客尚品 官方中国 | $4 million |
| Celebrity Shoe<br><br>名人鞋柜 经典名鞋 | $4 million |
| Jinlong Luxury City<br><br>金隆奢华城 | $4 million |
| Gucci Fashion Shop | $4 million |

|  |  |
|---|---|
| gucci时尚店 |  |
| Huiming Leather Mall<br><br>汇名皮具城 | $2 million |
| Hong Kong Longitude and Latitude International Trading<br><br>香港经纬国际贸易 | $4 million |
| Ladylidy Shop | $2 million |
| Coco Fashion Style<br><br>Coco时尚派 | $2 million |

| **Aliexpress.com Merchant Defendant** | **$2 Million Per Mark Per Type of Good** |
|---|---|
| Fashion Zone Ltd. | $4 million |
| Star Factory | $6 million |

6.      The Merchant Defendants are jointly and severally liable to Plaintiffs pursuant to RICO for treble damages in the amounts specified above as "Treble Profits" for the Alibaba.com Merchant Defendants in a total of $246,232,080, and the Merchant Defendants are hereby ordered to pay that amount forthwith to Plaintiffs;

7. That, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules, and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final equitable relief, the Merchant Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them receiving actual notice of this Order by personal service or otherwise, are restrained and enjoined from transferring, withdrawing or disposing of any money or other assets into or out of any accounts held by, associated with, or utilized by the Merchant Defendants, regardless of whether such money or assets are held in the United States or abroad;

8. That, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules, and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief, any and all money or assets of the Merchant Defendants that Plaintiffs identify in the future and/or that have not yet been restrained and enjoined, shall be restrained and enjoined from transfer, withdrawal, or disposal into or out of any accounts held by, associated with, or utilized by the Merchant Defendants subject to the asset restraint provisions set forth herein, regardless of whether the such money or assets are held in the United States or abroad;

9. That Merchant Defendants shall file with the Court and serve on counsel for Plaintiffs within thirty (30) days after entry of this Default Judgment an accounting setting forth in detail the manner and form in which they have complied with the terms of this Default Judgment; and

10. That the Clerk of the Court shall close the above-captioned matter and remove this case from the docket, without prejudice to Plaintiffs' ability: (a) to file a motion to seek

appropriate relief from this Court in order to enforce this Default Judgment or any outstanding obligations to comply with the discovery provisions of this Court's prior Orders; (b) to file a motion to seek appropriate relief from this Court as may be necessary to secure property owned or controlled by Merchant Defendants in the possession of Merchant Defendants' Third Party Financial Service Providers; or (c) to reopen this matter in the event it is necessary to pursue sanctions for any violations of this Default Judgment or any further orders of this Court.

SO ORDERED.


Dated: _____, 2015
       New York, New York

                                            _____
                                            P. KEVIN CASTEL
                                            UNITED STATES DISTRICT JUDGE