UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
GUCCI AMERICA, INC.; BALENCIAGA S.A.; :
BALENCIAGA AMERICA, INC.; BOTTEGA :
VENETA S.A.; BOTTEGA VENETA INC.; YVES : 2014 Civ. 5119 (PKC)
SAINT LAURENT AMERICA, INC.; LUXURY :
GOODS INTERNATIONAL (L.G.I.) S.A.; and :
KERING S.A., : **DECLARATION OF**
: **ANNE M. COYLE**
Plaintiffs, : **IN SUPPORT OF**
: **MOTION FOR**
-against- : **DEFAULT JUDGMENT**
:
ALIBABA GROUP HOLDING LTD. ET AL., :
:
:
Defendants. :
:
---------------------------------------------------------------x

1. I am a member of the bar of this court and an associate with the law firm of Gibson, Dunn & Crutcher LLP, counsel to Plaintiffs Gucci America, Inc. ("Gucci"), Balenciaga America, Inc. and Balenciaga S.A. ("Balenciaga"), Bottega Veneta Inc. and Bottega Veneta S.A. ("Bottega Veneta"), and Yves Saint Laurent America, Inc. and Luxury Goods International (L.G.I.) S.A. ("YSL"), and Kering S.A. (collectively, "Plaintiffs").

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court has supplemental jurisdiction over all other claims asserted under 28 U.S.C. § 1367(a).  This Court has personal jurisdiction over all Defendants in this district pursuant to N.Y.C.P.L.R. 302(a)(1) and 302(a)(3).

3. I make this Declaration in support of Plaintiffs' Motion for Default Judgment against Defendants Hangzhou Yanbei Trading Co., Ltd., Yiwu Bothwiner Fashion Accessory Co., Ltd., Guangzhou Yongzing Leather Goods Mfg., Dongguan Huawang Leather Co., Ltd.,

Shen Zhen Aiers Watch Co., Ltd., Shenzhen Meigeer Watch Co., Ltd., Shenzhen Babylon Watch Co., Ltd., VANCS Where Boutique, Celebrity Shoe, Jinlong Luxury City, Gucci Fashion Shop, Ladylidy Shop, Coco Fashion Style, Huiming Leather Mall, Hong Kong Longitude and Latitude International Trading, Fashion Zone Ltd., and Star Factory (the "Merchant Defendants"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2(b).

4. Plaintiffs commenced this action to protect their trademarks from the willful and brazen fraud and counterfeiting perpetrated by the Merchant Defendants, who have intentionally misappropriated Plaintiffs' federally registered trademarks in order to market and sell various types of counterfeit versions of Plaintiffs' products from online stores using the websites Alibaba.com, Taobao.com, and AliExpress.com. Plaintiffs asserted claims against the Merchant Defendants under the Lanham Act for: (1) trademark infringement, 15 U.S.C. §§ 1114, 1125(a) (First Cause of Action); (2) trademark counterfeiting, 15 U.S.C. §§ 1114(1)(b), 1116(d) & 1117(b)-(c) (Second Cause of Action); (3) false representation, 15 U.S.C. § 1125(a) (Fourth Cause of Action); and (4) trademark dilution, 15 U.S.C. § 1125(c) (Fifth Cause of Action). Plaintiffs also alleged that the Merchant Defendants participated—and conspired to participate—in the operation and management of an association-in-fact enterprise whose purpose was to sell and profit from the sale of counterfeit versions of Plaintiffs' products in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1962(c)-(d) (Sixth & Seventh Causes of Action).  Finally, Plaintiffs asserted state law claims under New York law for: trademark infringement (Eighth Cause of Action); unfair competition (Ninth Cause of Action); trademark dilution (Tenth Cause of Action); and deceptive acts and practices (Eleventh Cause of Action).  Plaintiffs seek permanent injunctive relief, an accounting, and money damages.

5. Attached as Exhibit 1 is a true and correct copy of the Complaint together with exhibits, which was filed in this action on July 24, 2014.

6. Attached as Exhibit 2 is a true and correct copy of the Temporary Restraining Order, Asset Restraining Order, Order Authorizing Expedited Discovery and Alternative Service by Electronic Means, and Order to Show Cause for Preliminary Injunction, which was entered in this action on July 9, 2014 ("TRO Order").

7. Attached as Exhibit 3 is a true and correct copy of a July 9, 2014 email I received from a representative of Shenzhen Meigeer Watch Co., Ltd. in response to my message serving copies of the Complaint, TRO Order, and supporting papers.

8. Attached as Exhibit 4 is a true and correct copy of a July 11, 2014 email I received from a representative of Merchant Defendant Dongguan Huawang Leather Co., Ltd. in response to my message serving copies of the Complaint, TRO Order, and supporting papers.

9. Attached as Exhibit 5 is a true and correct copy of a July 11, 2014 email I received from a representative of Merchant Defendant Yiwu Bothwiner Fashion Accessory Co., Ltd. in response to my message serving copies of the Complaint, TRO Order, and supporting papers.

10. Attached as Exhibit 6 is a true and correct copy of a July 11, 2014 email I received from a representative of Merchant Defendant Guangzhou Yongxing Leather Goods Mfg. in response to my message serving copies of the Complaint, TRO Order, and supporting papers.

11. Attached as Exhibit 7 is a true and correct copy of a July 14, 2014 email I received from a representative of Merchant Defendant Shenzhen Meigeer Watch Co., Ltd. in response to my message serving copies of the Complaint, TRO Order, and supporting papers.

12. Attached as Exhibit 8 is a true and correct copy of a July 13, 2014 email I received from a representative of Merchant Defendant Shenzhen Babylon Watch Co., Ltd. in response to my message serving copies of the Complaint, TRO Order, and supporting papers.

13. Attached as Exhibit 9 is a true and correct copy of the July 23, 2014 Certificate of Service of (i) the Order to Seal and Plaintiffs' Supporting Application; (ii) the Summons; (iii) the Civil Cover Sheet; (iv) Plaintiffs' Rule 7.1 Disclosure Statement; (v) the Complaint and attached Exhibits; (vi) the Signed Temporary Restraining Order, Asset Restraining Order, Order Authorizing Expedited Discovery and Alternative Service by Electronic Means, and Order to Show Cause for Preliminary Injunction; (vii) the Memorandum of Law in Support of Plaintiffs' Application for a Temporary Restraining Order, Asset Restraining Order, Order Authorizing Expedited Discovery and Alternative Service by Electronic Means, and Order to Show Cause for Preliminary Injunction; and (viii) the Declarations of Laurent Claquin, Robert L. Weigel, and Robert Holmes and attached Exhibits, which was filed in this action on July 24, 2014.

14. Attached as Exhibit 10 is a true and correct copy of the Transcript of the July 24, 2014 Hearing in this action.

15. Attached as Exhibit 11 is a true and correct copy of the Preliminary Injunction, which was entered in this action on July 25, 2014.

16. Attached as Exhibit 12 is a chart detailing the true and correct dates of service and method of service of the Complaint, TRO Order, and supporting papers and the Preliminary Injunction for each Merchant Defendant.

17. Attached as Exhibit 13 is a true and correct copy of the Clerk's Certificate of Default, which was entered in this action on June 30, 2015.

18. Attached as Exhibit 14 is a true and correct copy of the Default Judgment and Permanent Injunction Order entered by Judge Baer in *National Football League v. Zhu*, 13 Civ. 5416 (HB) (S.D.N.Y. September 19, 2013).

19. Attached as Exhibit 15 is a true and correct copy of the Default Judgment and Permanent Injunction Order entered by Judge Schofield in *National Football League v. Gong Sunmei*, 13 Civ. 2572 (LGS) (S.D.N.Y. June 28, 2013).

20. Attached as Exhibit 16 is a true and correct copy of the Default Judgment entered by Judge Failla in *Tiffany (NJ) LLC v. Qi Andrew*, 10 Civ. 9471 (KFP) (HBP) (S.D.N.Y. June 23, 2015).

21. Upon information and belief, Merchant Defendants are not infants, in the military or incompetent persons.

22. No part of the judgment sought has been paid.

23. No previous application has been made for the relief sought herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of July 2015 in New York, New York.

_____

Anne M. Coyle